**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CBC (AMERICA) CORP., | ) | |
| | ) | |
|       Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-422 CAS |
| | ) | |
| E.J. WELCH CO., INC., | ) | |
| | ) | |
|       Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff/counter-defendant CBC (America) Corp.'s motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike so-called immaterial, impertinent, and scandalous matter from defendant/counter-plaintiff E.J. Welch Co., Inc.'s counter-claim. The motion having been fully briefed is now ripe for review. For the following reasons, the motion will be denied.

*Background*

CBC (America) Corp. ("CBCA") bring a three-count complaint against E.J. Welch Co., Inc. ("EJW") for breach of contract, conversion, and unjust enrichment. CBCA alleges it shipped flooring products to EJW pursuant to certain purchase orders, and EJW failed to pay for the goods. CBCA seeks over $87,000 in damages. All of CBCA's claims arise under state law, and it alleges there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

EJW answered CBCA's complaint and brought a counter-claim of its own for breach of contract, unjust enrichment, fraudulent misrepresentation or omission, promissory estoppel, and recoupment. EJW alleges CBCA unlawfully terminated the parties' distribution agreement without proper reason or notice, and it was damaged thereby. In its counter-claim, EJW specifically alleges that:

> In January 2008 EJW's President, Michael J. Welch, met with Eric Haslow, CBCA's Territory Manager, in Chicago to again discuss EJW expanding its representation of the TOLI and Ceres lines throughout its expanded distribution area. Haslow admitted CBCA's Chicago distributor was not performing and that EJW performed at a high level for CBCA. *Haslow also said, however, that EJW would have to drop the LG line because the Japanese ownership did not like the Koreans.*

EJW's Answer & Countercl. at 9, ¶ 25 (emphasis added).

> In the March 20, 2008 dinner meeting Ferman reiterated that EJW is an excellent distributor for the TOLI and Ceres lines and that CBCA was not satisfied with their Chicago distribution arrangements. *For the first time, Ferman told Welch that CBCA management hated Harry Brownett, a former CBCA employee now associated with LG. Ferman also said the Japanese were intolerant of "the Koreans"*, and that TOLI and LG cannot co-exist.

Id. at 10, ¶ 30 (emphasis added).

In its motion, CBCA argues the two allegations regarding its animosity toward Koreans and Mr. Brownett should be stricken because they are legally irrelevant. CBCA also contends the two allegations are scandalous under Rule 12(f) in that they unjustifiably portray CBCA and its employees as racist and personally biased.

*Discussion*

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are not favored and are infrequently granted, because they propose a drastic remedy. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading . . . is an extreme and disfavored measure."); Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A matter will not be stricken unless it

clearly can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2008). If there is any doubt whether the matter may raise an issue, the motion should be denied. Id. If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Id.

While the allegations at issue in CBCA's motion certainly are not necessary for EJW to have stated claims under the five counts it raises, the Court cannot conclude the allegations have no bearing on the subject matter of this litigation. CBCA's motive in terminating the distribution agreement between the parties is at issue in this dispute, and CBCA's alleged improper motives may be relevant. Therefore, the Court, in its discretion, will deny CBCA's motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff/counter-defendant CBC (America) Corp.'s Motion to Strike Immaterial, Impertinent, and Scandalous Matter from defendant/counter-plaintiff E.J. Welch Co., Inc.'s counter-claim is **DENIED.** [Doc. 14]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of June, 2009.